IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESTER F. ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 505, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 30109009DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 5, 2016
Decided:   January 20, 2017

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 20th day of January 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Lester F. Anderson, filed this appeal from the Superior Court's denial of his motion for review of his case. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit. We agree and affirm.

(2)   The record reflects that a Superior Court jury found Anderson guilty of Murder in the First Degree in February 1992. He was sentenced to life

imprisonment. This Court affirmed Anderson's conviction on direct appeal.[1] In 2013, this Court denied Anderson's fourth motion for postconviction relief.[2]

(3)  In August 2016, Anderson filed a motion for review of his case. The Superior Court treated the motion as a motion for sentence reduction under Superior Court Criminal Rule 35 and denied it. This appeal followed.

(4)  In his opening brief, Anderson argues, as he did below, that he was deprived of his right to call an expert witness at trial to support his affirmative defense of self-defense. To the extent Anderson challenges his conviction, Rule 61, not Rule 35, is the exclusive remedy for a person seeking to set aside a judgment of conviction[3] and Anderson has failed to satisfy the Rule 61(d)(2) procedural bars.[4] To the extent Anderson seeks to reduce his sentence, the Superior Court correctly recognized that it had no authority to reduce his mandatory life sentence.[5]

(5)  Anderson also claims that the Superior Court erred in not giving a deadly weapon charge to the jury. Anderson did not raise this claim in the Superior Court and we will not consider it for the first time on appeal.[6] Having carefully

---

[1] *Anderson v. State*, 1993 WL 169121 (Del. May 14, 1993).
[2] *Anderson v. State*, 2013 WL 3326827 (Del. June 26, 2013).
[3] Super. Ct. Crim. R. 61(a)(2).
[4] Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent Rule 61 motion shall be summarily dismissed unless the motion pleads with particularity new evidence creating a strong inference of actual innocence or a new, retroactive rule of constitutional law).
[5] *State v. Sturgis*, 947 A.2d 1087, 1093 (Del. 2008) (holding the Superior Court cannot reduce the mandatory portion of a sentence under Rule 35(b)).
[6] Supr. Ct. R. 8.

considered the parties' positions, we conclude that the Superior Court did not err in denying Anderson's motion.

(6)    We note that Anderson unsuccessfully argued the Superior Court erred in not allowing him to call an expert witness in his direct appeal.[7] We also note that Anderson has filed multiple, unsuccessful motions for postconviction relief.[8] We will not continue to invest scarce judicial resources to address untimely and repetitive claims. We encourage the appellant to be mindful of Rule 61(j).[9]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[7] *Anderson v. State*, 1993 WL 169121, at *2 (holding the Superior Court did not err in refusing to allow defense counsel to call an expert as to whether a BB gun is a deadly weapon).

[8] *Anderson v. State*, 2013 WL 3326827 (Del. June 26, 2013) (affirming denial of fourth motion for postconviction relief); *Anderson v. State*, 1997 WL 346191 (Del. June 6, 1997) (affirming denial of first motion for postconviction relief); *State v. Anderson*, 2008 WL 1724257 (Del. Super. Ct. Apr. 9, 2008) (denying second motion for postconviction relief).

[9] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").