STATE of Delaware, Plaintiff
Below, Appellant,

v.

Edward D. STURGIS, Defendant
Below, Appellee.

No. 66, 2008.

Supreme Court of Delaware.

Submitted: April 8, 2008.
Decided: May 6, 2008.
Reargument Denied May 19, 2008.

Paul R. Wallace, Esquire, Chief of Appeals, Department of Justice, Wilmington, DE, for appellant.

Edward D. Sturgis, pro se.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The State of Delaware appeals[1] from the Superior Court's final judgment and modified sentencing order, which reduced the minimum mandatory Level V sentence of Edward D. Sturgis ("Sturgis") for Attempted Murder in the First Degree from fifteen years to the eleven years and six months he had served. This Court granted the State's motion to stay the Superior Court's modified sentencing order until this appeal was decided.

The State argues that Sturgis' modified sentence is illegal for two reasons: first, because Rule 35(b) of the Superior Court's Rules of Criminal Procedure does not permit the reduction or suspension of the statutory minimum mandatory portion of a Level V sentence; and, second, because under section 4217(b),[2] the Department of Correction must make the request for a sentence reduction and section 4217(f) pro-

---

1. Del.Code ann. tit. 10, § 9902 (2004).

2. Del.Code ann. tit. 11, § 4217(b) provides: "The court may modify the sentence solely on the basis of an application filed by the Depart-

ment of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's ownself."

vides that "no offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense set forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence," except on account of the "serious medical illness or infirmity of the offender."[3] We have concluded that both of the State's assertions are correct. Therefore, the judgment of the Superior Court must be reversed and its modified sentencing order must be vacated.

### Facts

On October 31, 1996, outside the nightclub Mingle, Dover Police Officer James Hosfelt watched Sturgis and Christopher Glover ("Glover") waiting for the vehicle occupied by Andre Bordley ("Bordley") and Jerome Sudler ("Sudler") to drive near them. Officer Hosfelt then saw Sturgis and Glover fire at least ten gunshots at the vehicle and its occupants. Bordley was seriously wounded, but survived. Sudler was not wounded. Sturgis and Glover fled from the police, but were later apprehended. Sturgis confessed to the shooting and five eyewitnesses—including Officer Hosfelt, the victims, and Glover—identified Sturgis as one of the shooters.

Sturgis was charged with two counts of Attempted Murder in the First Degree; two counts of Possession of a Firearm During the Commission of a Felony; one count of Conspiracy in the First Degree; two counts of Possession of a Firearm by a Person Prohibited; one count of Resisting Arrest; and one count of Possession of Marijuana. Sturgis pled guilty to Attempted Murder in the First Degree. Sturgis' original sentence was imposed on March 17, 1997, after he had pleaded guilty pursuant to then-extant Criminal Rule 11(e)(1)(C).[4]

Sturgis received a sentence of twenty years Level V, suspended after the statutorily mandated fifteen-year minimum mandatory term of imprisonment.[5] The Truth–In–Sentencing ("TIS") Guilty Plea Form asks whether there is a minimum mandatory sentence, and if so, what is that sentence. Sturgis' TIS Form contains the answer "yes" as an indication that the minimum mandatory sentence was fifteen years. In 2000, Sturgis filed a motion for postconviction relief in the Superior Court on the ground that his guilty plea was

---

**3.** Section 4217(f) provides:

Notwithstanding any provision of this section to the contrary, in the case of any offender who is serving a sentence of incarceration at Level V imposed pursuant to a conviction for any crime, the Court may order that said offender shall be ineligible for sentence modification pursuant to this section until a specified portion of said Level V sentence has been served, except that no offender who is serving a sentence of incarceration at Level V imposed pursuant to a conviction for a violent felony in Title 11 shall be eligible for sentence modification pursuant to this section until the offender has served at least one-half of the originally imposed Level V sentence, *and no offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense set*

*forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence. Nothing in this paragraph shall preclude a sentence modification pursuant to this section which is based solely upon serious medical illness or infirmity of the offender.* (emphasis added).

**4.** Rule 11(e)(1)(C) permitted a criminal defendant and the State to "agree that a specific sentence is the appropriate disposition of the case," subject to approval by the Superior Court. Sentencing agreements thereunder were also binding on the Superior Court, once the agreement was accepted. *Manis v. State,* 779 A.2d 884, 885 n. 3 (Del.2001).

**5.** Del.Code. Ann. tit. 11, §§ 531, 636 and 4205(b)(1)(c) & (d).

invalid due to ineffective assistance of counsel. After a hearing, the Superior Court denied the motion on April 21, 2001. Sturgis did not appeal.

In July 2007, Sturgis filed a motion pursuant to Superior Court Criminal Rule 35(b) requesting that his fifteen-year minimum mandatory sentence of incarceration at Level V be reduced to time served. Sturgis argued that his mother was ill and was no longer able to raise his three sons without his help. The Superior Court "deferred" action on the motion and told Sturgis that his motion would be reconsidered upon receipt of "demonstrations of extraordinary achievement in educational and parenting programs." In November 2007, Sturgis resubmitted his Rule 35(b) motion.

At the hearing on January 29, 2008, the Superior Court reduced Sturgis' sentence to eleven years and six months at Level V, to be followed by five years at Level III probation. The State then moved to stay execution of the modified sentencing order. The State also moved for correction of the modified sentence pursuant to Superior Court Criminal Rule 35(a) on the ground that, because the sentence was now less than the statutory fifteen-year minimum, it was illegal.[6] The Superior Court denied both motions, on the basis that "serious

medical illness" of Sturgis' mother could override the minimum mandatory prison term and that Sturgis' original sentencing order dated March 17, 1997, did not mention that the fifteen-year Level V sentence was a minimum mandatory term.[7]

### Separation of Powers

The defining principle of our constitutional governments in the United States, at both the national and state levels, is a separation of powers.[8] The history of Delaware reflects that "from the beginning our state government has been divided into the three departments, legislative, executive and judicial. It is likewise true that generally speaking, one department may not encroach on the field of either of the others."[9]

In criminal matters, the judicial function is to interpret the law and apply its remedies and penalties in particular cases.[10] For almost two hundred years, those exercises of judicial authority have been dependent, however, upon the legislature's power to "make an act a crime, affix a punishment to it, and declare the Court that shall have jurisdiction of the offense."[11] Moreover, the legislature "has the power to define criminal punishments without giving the courts any sentencing discretion."[12]

---

6. Del.Code Ann. tit. 11, § 4205(b)(1).

7. The Superior Court also noted that the minimum mandatory language on the Truth–In–Sentencing ("TIS") form appeared to have been corrected "during the plea colloquy, without meaningful discussion with and advice to [Sturgis]" and ruled that, if the State appealed, it would "deem [Sturgis's] presence here today as a motion to withdraw his plea of guilty" and would "set the matter for hearing at the earliest available date."

8. *Evans v. State*, 872 A.2d 539 (Del.2005). See also M.J.C. Vile, *Constitutionalism and the Separation of Powers* 1–175 (1967) and Malcolm P. Sharp, *The Classical American Doc-*

trine of *"The Separation of Powers,"* 2 U. Chi. L.Rev. 385–436 (1935).

9. *Evans v. State*, 872 A.2d at 547–48 (quoting *Trustees of New Castle Common v. Gordy*, 93 A.2d 509, 517 (Del.1952)).

10. *Id.* at 548 (citing John A. Fairlie, *The Separation of Powers*, 21 Mich. L.Rev. 393 (1922)).

11. *United States v. Hudson & Goodwin*, 7 Cranch 32, 11 U.S. 32, 34, 3 L.Ed. 259 (1812).

12. *Chapman v. United States*, 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (citing *Ex Parte United States*, 242 U.S. 27, 37, 37 S.Ct. 72, 61 L.Ed. 129 (1916)).

It has been noted that "determinative sentences were found in this country's penal codes from its inception and some have remained to the present."[13] The United States Court of Appeals for the Third Circuit has summarized the United States Constitution's history of the legislature's authority to eliminate or limit the judiciary's exercise of discretion in imposing a criminal sentence, as follows:

> While the pronouncement of sentence after a trial or a guilty plea may be an inherently judicial function, the proposition that specifying the sentence is an inherently judicial function is not supportable either by history or by the text of the Constitution. The Supreme Court has consistently recognized that Congress has plenary authority over the designation of appropriate punishment for federal crimes.[14]

■■■ Similarly, under the Delaware Constitution, the General Assembly has the power to define a crime and to set its punishment.[15] The statutory boundaries of criminal sentences for violations of Delaware law are questions of public policy for the General Assembly to answer.[16] Accordingly, we hold that the enactment of statutory minimum mandatory sentences does not violate the separation of powers provided for in the Delaware Constitution.

### Minimum Mandatory Statute

■■■ The minimum mandatory Level V sentence for the class A felony of Attempted Murder in the First Degree is fifteen years.[17] That minimum sentence must be imposed by the Superior Court.[18] No portion of that fifteen-year term can be suspended.[19]

■■■ To the extent the Delaware judiciary has any power to modify an otherwise minimum mandatory sentence, that authority must come from a separate legislative enactment.[20] Two statutes are implicated in this appeal. The first statute relates to the Superior Court's authority to adopt rules of practice and procedure for criminal proceedings. The second statute provides for the modification of a minimum mandatory sentence upon application by the Department of Correction.

### Substantive Statutes Control Procedural Rules

Superior Court Criminal Rule 35 is a rule of procedure. It reads, in pertinent part, as follows:

> (b) *Reduction of sentence.* The court may reduce a sentence of imprisonment

---

13. *Id.* (citations omitted).

14. *United States v. Frank,* 864 F.2d 992, 1010 (3d Cir.1988) (citing *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *Ex Parte United States,* 242 U.S. 27, 42, 37 S.Ct. 72, 61 L.Ed. 129 (1916)).

15. *See Evans v. State,* 872 A.2d 539 (Del. 2005). *See also Collison v. State,* 2 A.2d 97, 100 (Del.1938).

16. *Dunn v. Mayor of Wilmington,* 212 A.2d 596, 605 (Del.Super.1965) and *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

17. Del.Code ann. tit. 11, § 4205(b)(1) ("The term of incarceration ... is fixed [at] ... not less than 15 years ... to be served at Level V").

18. Del.Code ann. tit. 11, § 4205(c) ("[T]he court shall impose a sentence of Level V incarceration where a minimum sentence is [prescribed].").

19. Del.Code ann. tit. 11, § 4205(d) ("Where a minimum, mandatory, mandatory minimum or minimum mandatory sentence is required by subsection (b) of this section, such sentence shall not be subject to suspension by the court.").

20. *See Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.[21]

The General Assembly has enacted a statute that recognizes the Superior Court's authority to "adopt and promulgate general rules which prescribe and regulate the form and manner of process, pleading, practice and procedure governing criminal proceedings in the Superior Court from their inception to their termination...."[22] In a separate legislative pronouncement, the General Assembly has deferred to the Superior Court's rule-making authority by providing that, in criminal actions, any conflict between a statute and a rule of procedure shall be resolved in favor of the rule.[23]

 In the same statute that recognizes the Superior Court's power to adopt *procedural* rules, however, the General Assembly stated that "such rules shall not abridge, enlarge or modify the *substantive* rights of any person...."[24] Therefore, Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[25] Accordingly, we hold that Rule 35 does not provide a basis for the reduction to the statutory minimum mandatory sentence that the Superior Court granted in Sturgis' case.

### *Section 4217 Inapplicable*

 The Superior Court also relied upon section 4217 of the Delaware Code as providing a legal basis for the reduction of Sturgis' minimum mandatory sentence. Section 4217(b) permits sentence reduction applications to be acted upon by the Superior Court, but only when the Department of Correction has initiated the request for a modification of sentence. In addition, even upon a motion by the Department of Correction, section 4217(f) permits the reduction of mandatory minimum sentences for convictions of Title 11 violent crimes "solely upon serious medical illness or infirmity of the offender." These two limitations reflect a legislative determination that minimum mandatory sentences may only be reduced in the most exceptional of circumstances.

In *Ex Parte United States*, the Supreme Court concluded that courts did not possess the inherent power to suspend a minimum mandatory sentence under the common law and that such a power was inconsistent with the power of the legislature to fix sentences for violations of the law.[26] Nevertheless, the Superior Court

---

**21.** Super. Ct.Crim. R. 35(b). *See State v. Lewis*, 797 A.2d 1198, 1200–01 (Del.2002).

**22.** Del.Code ann. tit. 11, § 5121(a).

**23.** Del.Code ann. tit. 11, § 5122. *See Crawford v. State*, 859 A.2d 624, 627 (Del.2004).

**24.** Del.Code ann. tit. 11, § 5121(b) (emphasis added). *See Crawford v. State*, 859 A.2d at 627.

**25.** *Hassett v. State*, 2004 WL 2743423, at *1 (Del.Supr.) (finding that the Superior Court correctly concluded that it had no authority to reduce mandatory Level V sentence upon defendant's motion). *See also Reid v. State*, 2007 WL 3044438 (Del.Supr.).

**26.** *Ex Parte United States*, 242 U.S. 27, 51–52, 37 S.Ct. 72, 61 L.Ed. 129 (1916).

assumed that, since section 4217 permitted it to consider a motion for reduction of a Title 11 minimum mandatory Level V sentence upon an application by the Department of Correction, based upon a defendant's serious medical illness, that it also had authority to consider a motion for reduction upon a motion by Sturgis based upon his mother's serious illness, even without an application by the Department of Correction. In an analogous context, the United States Supreme Court rejected such an assumption and held that the Congressional delegation of authority to determine release dates to the Parole Commission validity implied that the judge has no enforceable expectations with respect to the release date, short of the statutory term.[27]

As the United States Supreme Court has recognized, the power over sentencing is not an inherently judicial function.[28] The limitations set forth in section 4217 by the General Assembly are clear and unambiguous. First, an inmate's sentence may not be reduced by the Superior Court under section 4217 except on application of the Department of Correction.[29] Second, the provisions of section 4217(f) may *only* be invoked by the Department of Correction to reduce a minimum mandatory portion of a Title 11 Level V sentence "upon serious medical illness or infirmity of the offender." Accordingly, we hold that Sturgis' *pro se* motion for a reduction of his statutorily mandated minimum mandatory Level V sentence could not be considered by the Superior Court because it did not comport with the two conditions precedent that are required by section 4217(b) and (f).

27. *United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

28. *See Ex Parte United States*, 242 U.S. at 51–52, 37 S.Ct. 72.

***Conclusion***

The judgment of the Superior Court is reversed and its modified sentencing order is vacated.[30]

29. Del.Code ann. tit. 11, § 4217(b).

30. The pending motion by Sturgis for "Issuance of Certificate of Cost Bond or Release" is moot.