IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN I. CAMMILE, | § | |
| | § | |
| Defendant Below, | § | No. 362, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID Nos. 0504006752 & |
| Plaintiff Below, | § | 0506014175 |
| Appellee. | § | |

Submitted: December 22, 2014
Decided: January 20, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## <u>O R D E R</u>

This 20th day of January 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Brian Cammile, filed this appeal from the Superior Court's June 5, 2014 corrected sentencing order. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Cammile's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in February 2006, Cammile pled guilty to two counts of Burglary in the Second Degree and four additional charges.

On May 12, 2006, the Superior Court sentenced Cammile on each burglary conviction as a habitual offender under 11 *Del. C.* § 4214(a) to eight years of Level V incarceration, for a total mandatory sentence of sixteen years. The May 12, 2006 sentencing order declared Cammile a habitual offender and stated that the first year of each burglary sentence was mandatory under 11 *Del. C.* § 825. Cammile did not appeal his convictions or sentence.

(3) On May 13, 2014, Cammile filed a motion for clarification of sentence. Cammile contended that the May 12, 2006 sentencing order provided that only the first year of each sentence for burglary was mandatory, not all sixteen years, and that the Department of Correction incorrectly claimed he was ineligible for modification of his sentence under 11 *Del. C.* § 4217(f). After a hearing on June 5, 2014, the Superior Court revised the May 12, 2006 sentencing order to replace the references to the first year of each burglary sentence being mandatory under 11 *Del. C.* § 825 with statements that Cammile was declared a habitual offender and sentenced under 11 *Del. C.* § 4214(a) for Burglary in the Second Degree. This appeal followed.[1]

---

[1] Cammile also filed an appeal from the Superior Court's denial of his request for a writ of mandamus compelling the Department of Correction to file an application for modification of his sentence under 11 *Del. C.* § 4217. We affirmed the Superior Court's denial of Cammile's petition for a writ of mandamus on January 16, 2015. *Cammile v. State*, No. 363, 2014 (Del. Jan. 16, 2015).

2

(4)     In his opening brief, which primarily attacks the Superior Court's denial of his petition for a writ of mandamus, Cammile argues that the Superior Court enhanced his sentence on June 5, 2014 in violation of the Fifth Amendment, Fourteenth Amendment, and the Equal Protection Clause and that he is eligible for modification of his sentence under 11 *Del. C.* § 4217.  These arguments are without merit.

(5)     Contrary to Cammile's contentions, the June 5, 2014 corrected sentencing order did not enhance each of his burglary sentences from one year of mandatory incarceration to eight years of mandatory incarceration. The transcript of the May 12, 2006 sentencing hearing reflects that Cammile was sentenced as a habitual offender to eight years of Level V incarceration for each burglary conviction.  The May 12, 2006, sentencing order also stated that Cammile was declared a habitual offender and sentenced to eight years for each burglary conviction.

(6)     Under 11 *Del. C.* § 4214(a), the Superior Court could not impose a sentence of less than the maximum penalty for Burglary in the Second Degree.[2]  The maximum penalty for Burglary in the Second Degree,

---

[2] 11 *Del. C.* § 4214(a) ("Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply

3

a Class D felony, was eight years of incarceration.[3] Although the sentencing order stated that the first year of each burglary sentence was mandatory under 11 *Del. C.* § 825 (the Burglary in the Second Degree statute), Cammile, as a habitual offender under 11 *Del. C.* § 4214(a), could not be sentenced to less than eight years of mandatory incarceration for each Burglary in the Second Degree conviction. Cammile, therefore, was sentenced to eight years of mandatory incarceration for each of his Burglary in the Second Degree convictions in May 2006, not one year of mandatory incarceration as he now claims, and there was no enhancement of Cammile's sentence on June 5, 2014.

(7)  Although Cammile is correct that the Department of Correction may apply for a reduction in sentence under 11 *Del. C.* § 4217(b),[4] he disregards the limitations imposed in 11 *Del. C.* § 4217(f). Under Section 4217(f), "no offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense

only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

[3] 11 *Del. C.* § 825 (classifying Burglary in the Second Degree as Class D felony); 11 *Del. C.* § 4205(b)(4) (providing that sentence for Class D felony may be up to eight years of Level V incarceration).

[4] 11 *Del. C.* § 4217(b) (providing Superior Court may reduce "sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's ownself").

set forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence" unless sentence modification "is based solely upon serious medical illness or infirmity of the offender."[5] Based on this language, Cammile is not eligible for sentence reduction (in the absence of serious medical illness or infirmity) while he is serving the sixteen years of mandatory incarceration for his Burglary in the Second Degree convictions.[6] Cammile claims in his opening brief that the Department of Correction has submitted Section 4217 applications for inmates serving mandatory sentences like himself, but he did not make this argument in the Superior Court and we will not consider it for the first time on appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] 11 *Del. C.* § 4217(f).

[6] *State v. Sturgis*, 947 A.2d 1087, 1092-93 (Del. 2008) (holding Superior Court could not grant inmate's *pro se* motion for reduction of statutorily mandated minimum mandatory Level V sentence under Section 4217 because Department of Correction did not submit application and basis of inmate's motion was his mother's health, not his health).

[7] Supr. Ct. R. 8.