IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN RICHMOND, | § | |
| | § | |
| Defendant Below, | § | No. 329, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1208023790 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 17, 2016
Decided: October 18, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 18th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Ryan Richmond, filed this appeal from a Superior Court order denying his motion for sentence modification under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Richmond's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on May 15, 2014, Richmond pled guilty to Manslaughter, Assault in the First Degree, and Possession of a Firearm During

Commission of a Felony ("PFDCF"). Richmond was immediately sentenced to three years of Level V incarceration for PFDCF. On October 10, 2014, Richmond was sentenced on the remaining counts as follows: (i) for Manslaughter, twenty-five years of Level V incarceration, suspended after six years for one year of Level III probation; and (ii) for Assault in the First Degree, twenty-five years of Level V incarceration, suspended after six years for one year of Level III probation. At the October 10, 2014 sentencing, Richmond's counsel noted that Richmond suffered from sickle cell anemia. Richmond did not appeal the Superior Court's judgment.

(3) On November 12, 2014, Richmond filed a motion for sentence reduction based upon his lack of previous felony convictions, health problems, including sickle cell anemia, his status as his family's sole provider, and his college attendance. On November 24, 2014, Richmond filed another motion for sentence reduction based upon the grounds in his previous motion as well as additional grounds. In an order dated December 11, 2014, the Superior Court denied the motions, finding the sentence was imposed pursuant to a plea agreement, it could not reduce the mandatory portion of the sentence, and the sentence was appropriate for the reasons stated at sentencing. Richmond did not appeal the Superior Court's judgment.

(4) On May 4, 2015, Richmond filed another motion for sentence modification. Richmond alleged that his sentence was excessive for a first time

2

offender and appeared to seek an extension or stay of the ninety-day period to file a motion for sentence modification under Rule 35(b).  In an order dated June 10, 2015, the Superior Court denied the motion.  The Superior Court found that the motion was time-barred because it was filed more than ninety days after imposition of Richmond's sentence and that Richmond failed to establish any basis for reduction of his sentence.  Richmond did not appeal the Superior Court's judgment.

(5)    On June 29, 2015, Richmond filed a petition for relief from judgment, arguing that it was unfair that his sentence was similar to the sentences of his co-defendants, who were not first-time offenders like him.  The Superior Court treated the motion as a motion for sentence modification under Rule 35(b) and denied it. On appeal, this Court affirmed the Superior Court's judgment.[1]

(6)    On May 11, 2016, Richmond filed another motion for sentence reduction or modification under Rule 35(b).  Richmond argued that the Department of Correction was not providing him adequate treatment for his sickle cell anemia and that his sentence should be reduced to the minimum mandatory of seven years of Level V incarceration so that he could seek the necessary medical treatment in Philadelphia when he completed his Level V sentence.  In an order dated June 1, 2016, the Superior Court denied the motion.  The Superior Court concluded that

---

[1] *Richmond v. State*, 2016 WL 521686 (Del. Feb. 9, 2016).

the motion was time-barred, there were no extraordinary circumstances, and the motion was repetitive. This appeal followed.

(7) We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] Rule 35(b) provides that a motion for sentence modification that is not filed within ninety days of sentencing (such as Richmond's motion) will only be considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217, which permits sentence modification if the Department of Correction files an application for good cause shown (such as serious illness) and certifies that the offender does not constitute a substantial risk to the community or himself. As Richmond recognizes, the Superior Court could not reduce the seven mandatory years of his fifteen years of non-suspended Level V time under Rule 35(b).[4]

(8) Under Rule 35(b), Richmond's motion for sentence modification was both untimely and repetitive. Richmond did not establish extraordinary circumstances to overcome the ninety-day time bar. While the medical records provided by Richmond reflect that he suffers from sickle cell anemia and wants

---

[2] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[3] *Id.*
[4] *See, e.g., State v. Sturgis*, 947 A.2d 1087, 1093 (Del. 2008) (holding the Superior Court cannot reduce the mandatory portion of a sentence under Rule 35(b)).

4

different treatment,[5] Richmond has not pursued relief under Section 4217 or shown that the DOC is providing inadequate care. Under these circumstances, the Superior Court did not err in denying Richmond's untimely and repetitive motion for sentence modification.[6] We also conclude that the Superior Court was not required hold an evidentiary hearing as Richmond conclusorily demanded in his motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen l. Valihura*
Justice

---

[5] The post-June 1, 2016 documents in Richmond's appendix were not presented to the Superior Court in the first instance and are outside of the record on appeal. *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) (stating "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court" and striking materials from appendix that were outside of record on appeal).

[6] *See, e.g., Holmes v. State*, 2015 WL 667522, at *1 (Del. Feb. 12, 2015) (affirming denial of motion for sentence modification by defendant who was suffering from liver cancer in absence of Section 4217 certification); *Briddell v. State*, 2013 WL 6212228, at *1 (Del. Nov. 26, 2013) ("In the absence of an application by the Department of Correction [under 11 Del. C. § 4217], Briddell cannot expect a sentence modification under Rule 35(b) based on a serious medical condition."). Richmond's reliance on *State v. Deroche*, 2003 WL 22293654 (Del. Super. Ct. Aug. 29, 2003) is misplaced as that case involved a defendant who had served more than half of his sentence, there was no indication that the defendant had filed numerous motions for sentence modification, and there was a well-documented record of inadequate medical care.