IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TROY D. MCNALLY, | § | |
| | § | |
| Defendant Below, | § | No. 348, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0701005246 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 11, 2017
Decided: November 27, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 27th day of November 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Troy D. McNally, filed this appeal from a Superior Court order denying his motion for reduction of sentence under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of McNally's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on February 1, 2008, a Superior Court jury found McNally guilty of four counts of Reckless Endangering in the First Degree,

four counts of Possession of a Firearm during the Commission of a Felony, and two counts of Criminal Mischief. The charges arose from gunshots fired at an occupied house and the car of McNally's ex-girlfriend. McNally was sentenced to twelve years and five months of non-suspended Level V time. Twelve of those years were mandatory under 11 *Del. C.* § 1447A. This Court affirmed the Superior Court's judgment on direct appeal.[1] In 2012, this Court affirmed the Superior Court's denial of McNally's first motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3)  On July 17, 2017, McNally filed a motion for reduction of sentence. McNally argued his sentence should be suspended for time served because: (i) he was acquitted of similar charges; (ii) he had no felony record at the time of his convictions; (iii) no firearm was recovered; (iv) no one was injured; and (v) there were no witnesses. In an order dated August 14, 2017, the Superior Court denied the motion. The Superior Court found the motion was filed more than ninety days after the imposition of the sentence, there were no extraordinary circumstances to overcome the time bar, and the sentence remained appropriate for all the reasons stated at sentencing. This appeal followed.

---

[1] *McNally v. State*, 980 A.2d 364 (Del. 2009).
[2] *McNally v. State*, 2012 WL 3552923 (Del. Aug. 20, 2012).

(4)     We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[3]  To the extent the claims involve a question of law, we review the claim *de novo*.[4]    Under Superior Court Criminal Rule 35(b), the Superior Court may grant a motion for reduction of sentence filed more than ninety days after sentencing (like McNally's motion) "only in extraordinary circumstances" or on the basis of an application filed by the Department of Correction under 11 *Del. C.* § 4217.[5]

(5)     In his opening brief, McNally argues his convictions constitute a miscarriage of justice under Superior Court Criminal Rule 61(i)(5).  McNally did not raise these arguments in the Superior Court.  We will not consider them for the first time on appeal.[6]  In any event, a Rule 61 motion for postconviction relief, not a Rule 35(b) motion for reduction of sentence, is the proper vehicle for challenging a conviction.[7]

(6)     The Superior Court did not err in denying McNally's motion for reduction of sentence.  As the State points out, the Superior Court could not reduce the mandatory portion (twelve years of Level V incarceration) of McNally's

---

[3] *Jackson v. State*, 2016 WL 4547896, at *2 (Del. Aug. 31, 2016).
[4] *Id.*
[5] Super. Ct. Crim. R. 35(b).
[6] Supr. Ct. R. 8.
[7] Super. Ct. Crim. R. 61(a)(2) (providing Rule 61 is exclusive means for challenging conviction). *See also Wilmer v. State*, 2015 WL 3818939, at *2 (Del. June 16, 2015) (recognizing challenges to conviction could only be brought in a Rule 61 motion).  We note that McNally would have to satisfy the procedural bars of Rule 61(d)(2) if he filed a Rule 61 motion in the Superior Court.

3

sentence.[8]   McNally failed to establish extraordinary circumstances supporting reduction of the non-mandatory portion of his sentence (five months of Level V incarceration).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *State v. Sturgis*, 947 A.2d 1087, 1092-93 (Del. 2008) (holding the Superior Court cannot reduce the mandatory portion of a sentence under Rule 35(b)).