## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                              )
    v.                       )       ID No. 1109011282
                              )
ISAIAH S. SOLOMAN,      )
                              )
    Defendant.         )

Date Submitted: April 24, 2020
Date Decided:    May 6, 2020

### ORDER

Upon consideration of Defendant's Motion for Modification of Current Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On February 22, 2012, Defendant pled guilty to three counts of Robbery First Degree, Assault Second Degree, and Conspiracy Second Degree.[1] By Order dated May 18, 2012,[2] effective September 27, 2011, Defendant was sentenced as follows: for Robbery First Degree – IN11-10-0352, 10 years at Level V, suspended after 4 years, for 6 months at supervision Level IV DOC Discretion, hold at supervision Level V until space is available at Level IV, followed by 18 months at supervision Level III;[3] for Robbery First Degree – IN11-10-0355, 10 years at Level

---

[1] D.I. 9.
[2] D.I. 19.
[3] The first 3 years of this sentence are mandatory pursuant to 11 *Del. C.* § 832(a).

V, suspended after 3 years, for 2 year at supervision Level III;[4] for Robbery First Degree – IN11-10-0356, 10 years at Level V, suspended after 3 years, for 2 years at supervision Level III;[5] for Assault Second Degree, 8 years at Level V, suspended for 2 years at supervisions Level III; and for Conspiracy Second Degree, 2 years at Level V, suspended for 1 year at supervision Level III.[6]

2.      On April 24, 2020, Defendant filed the instant Motion, asking the Court to: (1) suspend the remaining Level V time on each of his Robbery First Degree sentences and add that time to his probation; (2) with regard to the sentence in IN11-10-0352, modify the hold level from supervision Level V to supervision Level III; and (3) upon release, transfer his probation to New Jersey or Pennsylvania.[7] In support of his Motion, Defendant cites his potential risk of exposure to COVID-19, his need to support his family, and his rehabilitative efforts.[8]

3.      Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary

---

[4] The first 3 years of this sentence are mandatory pursuant to 11 *Del. C*. § 832(a).
[5] The first 3 years of this sentence are mandatory pursuant to 11 *Del. C*. § 832(a).
[6] Probation is concurrent.
[7] D.I. 29.
[8] *Id.*

circumstances.'"[9]  The Court will not consider repetitive requests for reduction or modification of sentence.[10]

4.      First, Defendant filed this Motion well beyond the 90-day limit, and therefore the Motion is time-barred.  The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.  Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[11]  "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[12]  Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[13]  The Court does

---

[9] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[10] Super. Ct. Crim. R. 35(b).

[11] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[12] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[13] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b));

not find the existence of any extraordinary circumstances in connection with Defendant's Motion.

5. Second, this is Defendant's fifth request to modify his sentences under Rule 35(b), and therefore, Defendant's Motion is barred as repetitive.[14]

6. Third, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence.[15] The first three years of Defendant's Level V sentences for Robbery First Degree are mandatory and cannot be reduced or suspended.[16]

7. Last, the Court does not have authority to transfer Defendant's Level III supervision to another jurisdiction. The Interstate Commission for Adult Offender Supervision regulates the movement of probationers across state lines.[17]

8. The sentences are appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of these sentences.

---

[14] *See* D.I. 21, 23, 25, 27.

[15] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) (explaining that "Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

[16] *See* 11 *Del. C.* § 832(a).

[17] Interstate Commission for Adult Offender Supervision, https://www.interstatecompact.org (last visited May 6, 2020).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification of Current Sentence is **DENIED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge


Original to Prothonotary

cc:    Isaiah Solomon (SBI# 02527208)
       Joseph S. Grubb, DAG