# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1208013045 |
| | ) | |
| SHAWN C. WELCH, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: May 11, 2020
Date Decided:   May 27, 2020

## ORDER

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On March 11, 2013, Defendant pled guilty to Sexual Abuse of a Child by a Person in a Position of Trust First Degree.[1]  By Order dated June 6, 2017, effective August 16, 2012, Defendant was sentenced to 15 years at Level V, suspended after 12 years, for 3 years at Level IV Home Confinement, suspended after 6 months, for 2 years and 6 months at supervision Level III.[2]  The first 10 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 778.[3]

---

[1] D.I. 7.

[2] D.I. 20 (Amended ASOP Order signed and filed on June 19, 2017).

[3] *Id.*

2. On May 11, 2020, Defendant filed the instant Motion, asking the Court to suspend the remaining Level V portion of his sentence for an additional 6 months at Level IV Home Confinement followed by 4 years and 6 months at supervision Level III.[4] In support of his Motion, Defendant cites to: (1) his participation in a sex offenders program and mental health treatment program; (2) his medical condition and his vulnerability to COVID-19 due to such medical condition;[5] and (3) receipt of his high school diploma.[6]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[7]

4. Defendant filed this Motion well beyond the 90-day limit, and therefore the Motion is time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of

---

[4] D.I. 21.

[5] Defendant states he has been diagnosed with white matter disease.

[6] D.I. 21.

[7] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

sentences."[8]   "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[9]   Mitigating factors that could have been presented at sentencing, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[10]   The Court does not find Defendant has established the existence of any extraordinary circumstances in connection with his Motion.

5.    Defendant asks the Court to suspend a mandatory portion of his sentence for Sexual Abuse of a Child.   Rule 35(b) provides no authority for a reduction or suspension of the mandatory portion of a substantive minimum sentence.[11]   Moreover, Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.[12]

---

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[9] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[10] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[11] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

[12] *See* D.I. 11, 20.  The sentence at issue takes into account the following aggravating factors:  (1) Defendant blamed the victim; (2) Defendant blamed his strained marital status relationship; and (3) the age and vulnerability of the victim.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Sentence Modification is **DENIED**.

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Shawn C. Welch (SBI# 00344638)
       Susan G. Schmidhauser, DAG