# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                           )
    v.              )      ID No. 1306000818
                           )
KEVIN P. BRITT,        )
                           )
    Defendant.      )

Date Submitted:  May 12, 2020
Date Decided:    July 16, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On May 14, 2014, Defendant was found guilty of three counts of Reckless Endangerment First Degree, three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Carrying Concealed Deadly Weapon ("CCDW").[1]  By Order dated August 1, 2014,[2] effective June 1, 2013, Defendant was sentenced as follows:  for Reckless Endangerment First Degree, IN13-06-0840, 5 years at Level V, suspended for 2 years and 6 months at Level IV DOC Discretion, suspended after 6 months for 2 years at supervision Level III;  for Reckless Endangerment First Degree, IN13-06-0843, 5 years at Level V, suspended

---

[1] D.I. 32.
[2] D.I. 35.

for 2 years at supervision Level III; for Reckless Endangerment First Degree, IN18-06-1959, 5 years at Level V, suspended for 2 years at supervision Level III; for PFDCF, IN13-06-1955, 3 years at Level V Substance Abuse Treatment Program; for PFDCF, IN13-06-1958, 3 years at Level V; for PFDCF, IN13-06-1960, 3 years at Level V; for CCDW, IN13-06-0839, 8 years at Level V, suspended for 2 years at supervision Level III.[3]

2. On May 12, 2020, Defendant filed the instant Motion, asking the Court to suspend his Level V sentence for immediate flow down to supervision Level III, or in the alternative, to Level IV.[4] In support of his Motion, Defendant cites his good behavior and potential exposure to COVID-19.[5]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]

4. First, Defendant filed this Motion more than 90 days after the

---

[3] All probation is concurrent. Defendant's 3 years at Level V for each count of PFDCF is a mandatory term of incarceration pursuant to 11 *Del. C.* § 1447A.

[4] D.I. 74.

[5] *Id.*

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

imposition of his sentence, therefore it is time-barred under Rule 35(b). The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[7] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[8] Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[9]

5. The Court does not find Defendant has any "extraordinary circumstances" in his Motion. Furthermore, the DOC has not submitted an application pursuant to 11 *Del. C.* § 4217.

6. Second, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence.[10] Defendant's 9 years Level V for

---

[7] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[8] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[9] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[10] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

his PFDCF sentences is mandatory, and therefore, the Court cannot reduce or suspend such sentences.[11]

7.    Defendant's sentences are appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Kevin P. Britt (SBI# 00646546)
       Annemarie H. Puit, DAG

---

[11] See 11 *Del. C.* § 1447A.

4