IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL JARVIS, | § | |
| | § | |
| Defendant Below, | § | No. 98, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1702012094 (S) |
| | § | |
| Appellee. | § | |

Submitted: May 4, 2022
Decided: June 22, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Michael Jarvis, filed this appeal from a Superior Court order denying his motion for sentence modification under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jarvis's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that, on August 11, 2017, Jarvis pleaded guilty to first-degree robbery. The Superior Court sentenced Jarvis to fifteen years of Level

V incarceration, suspended after six years for decreasing levels of supervision. Jarvis did not appeal the Superior Court's judgment.

(3) On March 8, 2022, Jarvis filed a motion for sentence modification. He sought immediate release based on allegations that the Department of Correction ("DOC") was not providing adequate medical care for his toxoplasmosis, a parasitic condition he was born with that impairs his vision. The Superior Court denied the motion. This appeal followed.

(4) We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Rule 35(b) provides that a motion for sentence modification that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217, which permits sentence modification if the DOC files an application for good cause shown (such as serious illness) and certifies that the offender does not constitute a substantial risk to the community or himself. In his opening brief, Jarvis argues that the Superior Court erred in denying his motion because the DOC's failure to provide adequate medical care for his toxoplasmosis constitutes extraordinary circumstances under Rule 35(b).

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] *Id.*

(5) As an initial matter, we note that it appears the Superior Court could not have reduced five years of Jarvis's six-year non-suspended Level V sentence under Rule 35(b) because the plea agreement reflects that he was subject to a five-year minimum sentence under Section 832(b)(2).[3] In any event, Jarvis did not establish extraordinary circumstances to overcome the ninety-day time bar in Rule 35(b). Although Jarvis provided documents reflecting that he claims to need prescription lenses for the vision impairment he suffers as a result of toxoplasmosis, he did not pursue relief under Section 4217 or show that the DOC is providing inadequate care.

(6) Under the plain language of Rule 35(b), Section 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon serious medical illness.[4] Jarvis asserts that DOC will not file such an application because it will not admit it cannot provide the necessary medical care, but he did not raise this assertion in the Superior Court. Nor has he represented that he initiated the Section 4217 process to determine his eligibility for a medical modification of sentence by submitting a request and the required

---

[3] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

[4] *See, e.g., Holmes v. State*, 2015 WL 667522, at *1 (Del. Feb. 12, 2015) (affirming denial of motion for sentence modification by defendant who was suffering from liver cancer in absence of Section 4217 certification); *Briddell v. State*, 2013 WL 6212228, at *1 (Del. Nov. 26, 2013) ("In the absence of an application by the Department of Correction [under 11 *Del. C.* § 4217], Briddell cannot expect a sentence modification under Rule 35(b) based on a serious medical condition."). Jarvis's reliance on *State v. DeRoche*, 2003 WL 22293654 (Del. Super. Ct. Aug. 29, 2003) is misplaced as that case involved had a well-documented record of inadequate medical care.

forms to DOC. Under these circumstances, the Superior Court did not err in denying Jarvis's untimely motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

4