IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAYMERE WISHER,                    §
                                   §
    Defendant Below,               §    No. 140, 2022
    Appellant,                     §
                                   §    Court Below—Superior Court
    v.                             §    of the State of Delaware
                                   §
STATE OF DELAWARE,                 §    Cr. ID Nos. 1406017459 (N) and
                                   §              1508021812 (N)
    Appellee.                      §


Submitted: October 27, 2022
Decided: December 21, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Daymere Wisher, filed this appeal from a Superior Court order denying his motion for review of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wisher's opening brief that his appeal is without merit. We agree and affirm.

(2)    In November 2014, a grand jury charged Wisher with first-degree murder and other crimes in Criminal ID No. 1406017459. While Wisher was participating in a program to restore his competency, a grand jury charged him with first-degree murder and other crimes in Criminal ID No. 1508021812. After the

Superior Court found Wisher competent, he resolved both cases by pleading guilty to second-degree murder in Criminal ID No. 1406017459 and manslaughter, attempted first-degree robbery, and second-degree conspiracy in Criminal ID No. 1508021812. The State agreed to cap its sentencing recommendation to thirty years of Level V incarceration.

(3) Following a presentence investigation, the Superior Court sentenced Wisher as follows: (i) for second-degree murder, fifteen years of Level V incarceration; (ii) for manslaughter, five years of Level V incarceration; (iii) for attempted first-degree robbery, fifteen years of Level V incarceration, suspended after five years for decreasing levels of supervision; and (iv) for second-degree conspiracy, two years of Level V incarceration, suspended for Level III probation. Wisher did not appeal. In August 2020, Wisher filed a motion for sentence reduction, which the Superior Court denied.

(4) In December 2021, Wisher filed a motion for sentence review. The Superior Court denied the motion, finding Wisher's sentence was fair and reasonable based on the facts of the case. This appeal followed.

(5) In his opening brief, Wisher argues that the defense of extreme emotional distress, the underdeveloped nature of his brain as a juvenile offender, and his trial counsel's ineffective assistance constitute extraordinary circumstances under Rule 35(b). We review the Superior Court's denial of a motion for sentence

2

reduction for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Rule 35(b) provides that a motion for sentence reduction that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217. Rule 35(b) also provides that the Superior Court will not consider repetitive motions for sentence reduction.

(6)  As an initial matter, we note that the Superior Court could not reduce twenty years of Wisher's unsuspended twenty-five year Level V sentence. Twenty of those twenty-five years reflected the minimum mandatory sentences for second-degree murder,[3] manslaughter,[4] and attempted first-degree robbery.[5] Absent an appropriate application from the Department of Correction under Section 4217, the Superior Court cannot reduce a minimum mandatory sentence under Rule 35(b).[6]

(7)  In any event, the Superior Court did not err in denying Wisher's motion.

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[2] *Id.*

[3] 11 *Del. C.* § 635 (classifying second-degree murder as a class A felony); 11 *Del C.* § 4205(b)(1) (providing that the sentence for a class A felony is not less than fifteen years up to life imprisonment)

[4] 11 *Del. C.* § 632 (classifying manslaughter as a class A felony); 11 *Del C.* § 4205(b)(2) (providing that the sentence for a class B felony is not less than two years up to twenty-five years of imprisonment).

[5] 11 *Del. C.* § 832 (classifying first-degree robbery as a class B felony and providing that first-degree robbery and attempted first-degree robbery are subject to a minimum sentence of three years at Level V).

[6] *State v. Sturgis*, 947 A.2d 1087, 1093 (Del. 2008). Under Rule 35A and § 4204A, the Superior Court may modify the minimum mandatory sentence of an offender who was sentenced for crimes he committed before turning eighteen, but the offender must first serve twenty years of the originally imposed Level V sentence.

Wisher's invocation of an extreme emotional distress defense and reliance on brain development research in cases where juveniles were sentenced to death or life imprisonment did not establish extraordinary circumstances under Rule 35(b) or provide a basis for reduction of his sentence.[7] As to Wisher's claims concerning his mental health issues and disabilities, the Superior Court took those issues into account in sentencing him to less than the thirty years of non-suspended Level V time requested by the State. Finally, the proper vehicle for an ineffective assistance of counsel claim is a motion for postconviction relief under Superior Court Criminal Rule 61, not a motion for sentence reduction under Rule 35(b).[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[7] *See, e.g., Johnson v. State*, 2015 WL 1880412, at *1 (Del. Apr. 21, 2015) (holding defendant who relied on cases in which the United States Supreme Court held juveniles could not be sentenced to death penalty or mandatory life imprisonment without parole did not establish extraordinary sentences as the defendant was nineteen at the time of his crimes and was not sentenced to life imprisonment without parole).
[8] *Palmer v. State*, 2020 WL 4275604, at *1 (Del. July 23, 2020).