# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
        v.      )      Case ID No.: 2108004986
     )
LAWRENCE LEWIS,      )
     )
     Defendant.      )

## <u>ORDER</u>

Submitted: August 1, 2023
Decided: November 13, 2023

**AND NOW TO WIT**, this 13th of November 2023, upon consideration of Lawrence Lewis' ("Defendant") Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On August 18, 2022, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[1] That same day, Defendant was sentenced to a total of fifteen years at Level V, suspended after five years (minimum mandatory) at Level V, followed by eighteen months of supervision at Level III.[2]

---

[1] D.I. 23.
[2] *Id.*

2. On August 29, 2022, Defendant filed a *pro se* Motion for Modification.[3] On September 12, 2022, Defendant filed a second *pro se* Motion for Modification.[4] On October 10, 2022, this Court denied both motions as Defendant is serving a minimum mandatory sentence.[5]

3. Defendant again files under Superior Court Criminal Rule 35(b) and asks this Court to "take a year off" of his Level V sentence.[6] The basis for his request is that he has engaged in programming and wishes to get home to be a father to his daughter.[7] Again, this Court cannot grant his request.

4. Superior Court Criminal Rule 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[8] Therefore, where Defendant is subject to a minimum mandatory sentence, Defendant's motion for modification of his Level V sentence would necessarily need to be denied.

5. Further, "[t]he Court will not consider repetitive requests for reduction of sentence."[9] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[10] Here,

---

[3] D.I. 25.
[4] D.I. 26.
[5] D.I. 29.
[6] D.I. 31. at 2.
[7] *Id* at 1.
[8] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).
[9] Del. Super. Ct. Crim. R. 35(b).
[10] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

he raises no new arguments, except a desire to reduce his level V time, as previously requested in his previously filed Rule 35(b) motions in September and October of 2022.[11]  Thus, Defendant's request is barred as repetitive.  Rule 35 does not allow the Court to use its discretion to ignore this bar.[12]

6.     Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge


oc:   Prothonotary
cc:   Christina Wroten, Deputy Attorney General
      Investigative Services
      Defendant

---

[11] *See* Crim ID No. 2108004986, D.I. 25, 26.
[12] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).