IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAWON BROWN, | § | |
| | § | No. 2, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2306012215 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: February 5, 2025
Decided: March 27, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of Dawon Brown's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated December 4, 2024, denying Brown's second motion for sentence reduction under Superior Court Criminal Rule 35(b). As the Superior Court recognized, the non-suspended ten-year portion of Brown's fifteen-year Level V sentence for possession of a firearm by a person prohibited was a minimum mandatory sentence under 11 *Del. C.* § 1448[1] that

---

[1] Section 1448(e)(1)(c) requires the imposition of a minimum sentence of ten years at Level V if the person has been convicted on two or more separate occasions of any violent felony.

could not be reduced under Rule 35(b).[2]  When Brown pleaded guilty, he and the State agreed to recommend a sentence of fifteen years of Level V incarceration, suspended after the ten-year minimum mandatory.  The parties also agreed that Brown had several prior violent-felony convictions, including for second-degree robbery in 2020 and drug dealing in 2012.  In addition, the Superior Court did not err in concluding that the motion for sentence reduction was time-barred and repetitive.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) (holding that Rule 35 does not authorize reduction of a statutory minimum mandatory sentence).