# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                       )
     v.              )    **ID No. 1702005493**
                       )    **Cr. A. Nos. IN17-02-1754 & 55.**
DARNELL D. MARTIN,    )
         **Defendant.** )

Submitted: March 5, 2019
Decided: March 12, 2019

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 12th day of March, 2019, upon consideration of the Defendant Darnell D. Martin's *pro se* Motion for Sentence Reduction (D.I. 46) and the record in this matter, it appears to the Court that:

(1) On January 9, 2018, following a bench trial, Darnell Martin was convicted of drug dealing and another related charge. He was immediately sentenced to serve, *inter alia*, a 25-year term of imprisonment suspended after two years for 18 months of supervised probation. The two years of unsuspended imprisonment comprise a minimum term of incarceration that must be imposed and cannot be suspended.[1]

---

[1] DEL. CODE ANN. tit. 16, § 4752(2) (2016) (drug dealing a tier 2 quantity of marijuana with an aggravating factor is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

(2)     Martin filed a direct appeal to the Delaware Supreme Court. His convictions and sentence were recently affirmed.[2]  And so, now Martin is pursuing postconviction relief via a separate application.[3]

(3)     Martin has filed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of the incarcerative term of his sentence for the drug dealing charge.[4]  In short, Martin requests that six months be cleaved from the end of his two-year imprisonment term and that the Court substitute house arrest for that period of imprisonment.[5]  This relief is appropriate, he claims, because if released he can:  (1) if he finds work, help his family financially; (2) "better prepare himself for postconviction"; (3) and "begin putting his life back together, be productive in society as a tax paying

---

[2]     *Martin v. State*, 2018 WL 4959037 (Del. Oct. 12, 2018).

[3]     D.I. 39-44.

[4]     Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion).  While Martin styles his a "Motion for Restructuring of Sentence," he seeks to have the Court reduce his Level V term.  And any authority for the Court to grant Martin that relief must derive from its Criminal Rule 35(b). *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5]     Def. Rule 35(b) Mot. at 1. ("Defendant . . . is requesting, *pro se*, that the 6 months left on his level V sentence be restructured and he be allowed to complete his obligation at level IV House Arrest through the Department of Probation & Parole.").

citizen instead of putting a burden on the states [sic] alread[y] packed Department of Corrections [sic]."[6]

(4)     The Court may consider Martin's motion "without presentation, hearing or argument."[7] The Court will decide his motion on the papers filed and the complete sentencing record in Martin's case.

(5)     When considering a Rule 35(b) motion, this Court must address any applicable procedural bars before turning to its merits.[8]

(6)     Rule 35(b) requires that a motion to reduce imprisonment be filed promptly—that is, within 90 days of the sentence's imposition— "otherwise, the Court loses jurisdiction" to act thereon.[9] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[10] The term "extraordinary circumstances" is

---

[6]     *Id.* at 2 .

[7]     Super. Ct. Crim. R. 35(b).

[8]     *State v. Redden*, 111 A. 3d 602, 606 (Del. Super. Ct. 2015) (citing *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014)).

[9]     *In re Nichols*, 2004 WL 1790142, at *1 (Del. Super. Ct. July 20, 2004); *see also State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002) (Steele, J., dissenting) ("after 90 days . . . the judiciary may not consider [an inmate's plea for leniency] except where 'extraordinary circumstances' may have prevented the applicant from seeking the remedy on a timely basis").

[10]     *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90

-3-

generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[11] And in the Rule 35(b) context, "extraordinary circumstances" are those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[12] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to "uphold the finality of sentences."[13]

(7) Martin overlooks this requirement and his burden to demonstrate that it is met. But the Court cannot.[14] And the Court does not find that Martin has demonstrated the existence of any potential "extraordinary circumstance" as that has been defined or recognized by Delaware's courts.[15]

---

days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[11] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (citing BLACK'S LAW DICTIONARY (10th ed. 2014)).

[12] *Id.*; *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[13] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Ct. Dec. 7, 2006); *Diaz*, 2015 WL 1741768, at *2 ("Our precedent supports this definition [of extraordinary circumstances], and illustrates the high burden a defendant must satisfy in order for an untimely Rule 35 motion to be considered by the court.").

[14] *See State v. Culp*, 152 A.3d 141, 144-47 (Del. 2016) (this Court abuses its discretion when it ignores Rule 35(b)'s bars on untimely or repetitive requests); *Diaz*, 2015 WL 1741768, at *2 (this Court erred granting inmate's motion without addressing Rule 35's timeliness requirement and its extraordinary circumstances exception).

[15] *E.g., Jones v. State*, 2003 WL 356788 (Del. Feb. 14, 2003) (holding that financial and familial hardships, without more, did not constitute extraordinary circumstances);

-4-

(8)     Even if Martin's application were not procedurally barred, it still could not be granted.  Because, even when the Court has wide discretion to reduce a sentence (*i.e.*, upon a timely Rule 35 application[16]), the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[17]

(9)     As noted above, the two years of imprisonment for Martin's drug dealing conviction (IN17-02-1754), because that offense is a class B felony, is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[18]  Martin's requested reduction would plainly violate the two-year minimum required by 11 *Del. C.* § 4205(b).  The Court simply cannot enter an order under Rule 35(b) that does so.[19]

---

*Boyer v. State,* 2003 WL 21810824, at *5 (Del. Aug. 4, 2003) (this Court acted within its discretion when it found that, even with other issues raised, defendant's familial hardships did not amount to extraordinary circumstances); *State v. Newsome,* 2009 WL 3327231, at *2 (Del. Super. Ct. Oct. 8, 2009) (defendant's alleged need to care for his elderly mother was not an extraordinary circumstance).

[16]     *See Hewett v. State,* 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When . . . a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[17]     *State v. Sturgis,* 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[18]     *See* n.1, *supra.*

[19]     *Sturgis,* 947 A.2d at 1092.

-5-

**NOW, THEREFORE, IT IS ORDERED** that Darnell D. Martin's motion for reduction of sentence must be **DENIED**.

**SO ORDERED this 12th day of March, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Timothy G. Maguire, Deputy Attorney General
        Patrick J. Collins, Esquire
        Mr. Darnell Martin, *pro se*

-6-