# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) Case ID No.: 1901004727
)
)
)
DONAVAN R. MCGRIFF, )
)
Defendant. )

## ORDER

**AND NOW TO WIT**, this 24th day of October 2019, upon consideration of Defendant Donavan McGriff's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On May 28, 2019, Defendant pled guilty to Possession of a Firearm by a Person Prohibited (Class C Felony) and was sentenced to fifteen years at Level V, suspended after five years at Level V, for transitioning levels of supervision. Five years represented the minimum mandatory sentence pursuant to Title 11 *Del. C.* § 1448(e).

2. On July 31, 2019, Defendant asked this Court to modify his Level V sentence under Rule 35(b).[1] In support of his Motion, Defendant states the following

---

[1] *See* Defendant's Motion for Modification of Sentence, *State of Delaware v. Donavan R*

grounds for relief: (1) "education" – Defendant was attending Wilmington University at the time of his sentence and subsequent incarceration and wishes to acquire his M.B.A, and (2) "criminal history" – Defendant argues that his prior felony Robbery 2nd conviction[2] was "insignificant" where eight years have passed since the date of that conviction and his present sentence.[3]

3.    The sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.[4] After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the plea was offered, and the maximum statutory penalties. Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case, including the minimum

---

*McGriff*, Crim. ID No. 1901004727, D.I. 13 (July 31, 2019) [hereinafter "Defendant's Motion"].
[2] *See* Sentencing Calendar: Defendant Sentenced, *State of Delaware v. Donavan R McGriff*, Crim. ID No. 1103009909, D.I. 17 (Jan. 20, 2012) (On January 20, 2012, Defendant was convicted on two counts of Robbery 2nd and one count of Conspiracy 2nd, where Defendant was sentenced to five years at Level V, suspended for five years Level IV Home Confinement, suspended after six months Level IV Home Confinement for two years Level III, held at Level III until space is available at Level IV Home Confinement, two times – once for each count of Robbery 2nd, and was sentenced for two years at Level V suspended for one year Level III, for the one count of Conspiracy 2nd).
[3] *See* Defendant's Motion at ¶¶ 3-5.
[4] *See* Final Case Review: Defendant Pled Guilty/ Sentenced, *State of Delaware v. Donavan R McGriff*, Crim. ID No. 1901004727, D.I. 8 (May 28, 2019) (State and Defendant *agree[d]* to recommend sentence terms of: fifteen years at Level V, suspended after five years for one year at Level IV DOC discretion, suspended after six months for one year at Level III probation) (where Defendant acknowledged that he was "subject to 5 years minimum mandatory ate Level 5 pursuant to 11 Del. C. § 1448(e).").

mandatory sentence of five years.[5]

4.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[6] While Defendant's motion is not procedurally barred, it is nonetheless denied. Rule 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[7]

5.      Defendant argues that the minimum mandatory sentence should have been three years instead of five years at Level V.[8] The State clarified that Defendant is a person prohibited based on a prior violent felony conviction that occurred on January 2, 2012, for Robbery Second Degree.[9] This Court agrees that where he was arrested on January 8, 2019 for these charges to which he pled guilty, Defendant's prior violent felony conviction fell within ten years, and is a person prohibited subject to the five year minimum mandatory sentence under 11 *Del. C.* § 1448(e)(1)(b).

6.      Defendant further requests that this Court defer on ruling on Defendant's Motion until Defendant is able to obtain successful participation in a

---

[5] *See* Final Case Review:  Defendant Pled Guilty/ Sentenced, *State of Delaware v. Donavan R McGriff*, Crim. ID No. 1901004727, D.I. 8 (May 28, 2019).
[6] SUPER. CT. CRIM. R. 35(b).
[7] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).
[8] Defendant's Motion at ¶ 5.
[9] *See* State's Response to Defendant's Motion for Modification of Sentence, *State of Delaware v. Donavan R McGriff*, Crim. ID No. 1901004727, D.I. 15 (Oct. 24, 2019).

"DOC Approved Program,"[10] requesting further that upon successful completion of a program, that this Court reduce Defendant's Level V time by two years for Level IV DOC Discretion.[11] For the reasons stated, a deferred a ruling will not change the outcome where the Court imposed the most lenient sentence under Delaware law. As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Reduction/Modification of Sentence is **DENIED**.

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Department of Justice
       Office of Defense Services
       Investigative Services Office

---

[10] Defendant's Motion at ¶ 9.
[11] Defendant's Motion at ¶ 10.