**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 1304013732
)
JESSIE THOMAS, )
)
Defendant. )

Date Submitted: September 20, 2019
Date Decided: December 5, 2019

## ORDER

Upon consideration of Defendant's Motion "Requesting a Clear Understanding of the Bill Passed Concerning Concurrent and Consecutive Sentences" ("Motion"), the State's Response thereto, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On February 27, 2014, Defendant was found guilty of the following: Possession of a Firearm by a Person Prohibited – IN14-01-1523 ("First PFBPP"); Carrying a Concealed Deadly Weapon – IN14-01-1525 ("CCDW"); and Possession of a Firearm by a Person Prohibited – IN14-01-1527 ("Second PFBPP").[1]

2.      On August 28, 2014, Defendant was sentenced as follows: for the First PFBPP, 5 years at Level 5;[2] for CCDW, 8 years at Level 5, suspended after 1 year

---

[1] D.I. 32.

[2] Defendant's sentence for First PFBPP is a 5-year minimum mandatory term pursuant to 11 *Del. C.* § 1447.

for 6 months at Level 4, followed by 18 months at Level 3; for the Second PFBPP, 8 years at Level 5, suspended for 1 year at Level 3.[3] This sentence runs consecutively with Defendant's 2013 violation of probation sentence (IN14-01-1525) which is 4 years and 6 months at Level 5, followed by 1 year at Level 2.[4]

3.      In the instant Motion, Defendant asks the Court for an "opportunity" to modify his sentences, apply the 2019 changes to 11 *Del. C.* § 3901,[5] and reduce his Level 5 time.[6] Defendant asserts that he is working toward his GED, his disciplinary write-ups are the result of frustration with his situation, and he is now moving forward with a positive attitude.[7]

4.      Superior Court Criminal Rule 35 governs motions for modification of sentence. Pursuant to Criminal Rule 35(b), where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should modify its judgment.[8] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[9]

---

[3] D.I. 36. Probation for CDWW and Second PFBPP run concurrently.

[4] *Id.* Effective April 15, 2013, Defendant was found in violation of probation and sentenced to 4 years and 6 months at Level 5, followed by 1 year at Level 2. *See* ID No. 0810019313, D.I. 31.

[5] The current version of § 3901 is the result of House Bill No. 5 which expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive, terms of confinement. *See* Del. H.B. 5 § 1, 150th Gen. Assem. (2019).

[6] D.I. 57.

[7] *Id.*

[8] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[9] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d Cir. 1968) (explaining the time limitation and purpose of

5. Defendant filed this Motion more than 90 days after imposition of the sentence, and therefore the Motion is time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[10] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[11] Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[12] The Court does not find the existence of any extraordinary circumstances in connection with Defendant's Motion.

---

then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

[10] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[11] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[12] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

6. Defendant's unsuspended 5 years at Level 5 sentence for First PFBPP is mandatory and cannot be reduced or suspended.[13]

7. As to Defendant's sentence for CCDW, this sentence cannot run concurrently because the 2019 version of 11 *Del. C.* § 3901(d) does not apply retroactively.[14] Defendant was sentenced under the 2014 version of 11 *Del. C.* § 3901(d), which states:

> The court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant. Notwithstanding the foregoing, no sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction [certain enumerated] crimes . . . *or for any sentence for possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony.*[15]

8. Even if the statute could be applied retroactively to Defendant's sentence, the recent amendments to 11 *Del. C.* § 3901(d) are of no assistance to him. Under the current version of § 3901(d), Defendant's mandatory sentence for the First PFBPP cannot be ordered to run concurrently with any other sentence of confinement, which includes Defendant's sentence for CCDW.[16]

---

[13] *See State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) (explaining that "Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

[14] *State v. Thomas*, 2019 WL 5704287, at *4 (Del. Super. Oct. 31, 2019) (citing *State v. Fountain*, 139 A.3d 837, 842–43 (Del. 2016)).

[15] 11 *Del. C.* § 3901(d) (2014) (emphasis added).

[16] *See* 11 *Del. C.* § 3901(d) (2019).

4

9.     The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion "Requesting a Clear Understanding of the Bill Passed Concerning Concurrent and Consecutive Sentences" is **DENIED**.

Jan R. Jurden, President Judge

Original to Prothonotary

cc:     Jessie Thomas (SBI # 00476241)
        Anna E. Currier, DAG