# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
           )
  v.        )   ID Nos. 1406013825,
           )       1410019826
SCOTT M. MCFARLAND,  )
           )
  Defendant.     )

Date Submitted: June 12, 2020
Date Decided:  July 1, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On March 10, 2015, Defendant pled guilty to two counts of Robbery First Degree, Burglary Second Degree, Robbery Second Degree, and Conspiracy Second Degree.[1] By Order dated November 17, 2015,[2] effective October 28, 2014, Defendant was sentenced as follows: for Robbery First Degree, IN14-11-0181, 10 years at Level V Inpatient Drug Treatment with credit for 19 days previously served, suspended after 3 years and 6 months for Level IV Crest, suspended after successful completion of Level IV Crest for 18 months at supervision Level III;[3] for Robbery

---

[1] ID No. 1406013825, D.I. 25; ID No. 1410019826, D.I. 10.

[2] ID No. 1406013825, D.I. 34; ID No. 1410019826, D.I. 17 (Modified ASOP Order signed and filed on January 8, 2016).

[3] The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 832.

First Degree, IN14-11-0552, 10 years at Level 5, suspended after 3 years and 6 months for 18 months at supervision Level III;[4] for Burglary Second Degree, IN14-09-1125, 8 years at Level V, suspended after 1 year for 18 months at supervision Level III;[5] for Robbery Second Degree, IN14-11-0184, 5 years at Level V, suspended for 18 months at supervision Level III; and for Conspiracy Second Degree, IN14-11-0556, 2 years at Level V, suspended for 1 year at supervision Level III.[6]

2. On June 15, 2020, Defendant filed the instant Motion, asking the Court to: (1) suspend his remaining Level V time for "Judge Butler's reentry program;" and (2) modify the Level IV portion of his sentence for Robbery First Degree, IN14-11-0181, from Level IV Crest to Level IV Home Confinement or, in the alternative, suspend the Level IV sentence in its entirety and immediately begin supervision at Level III.[7] In support of his Motion, Defendant cites: (1) his acceptance of responsibility for his actions; (2) his successful completion of rehabilitative programs while incarcerated; and (3) his desire to make amends with his family.[8]

3. Superior Court Criminal Rule 35 governs motions for modification of

---

[4] The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 832.

[5] The first year of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 825 (2014).

[6] ID No. 1406013825, D.I. 31; ID No. 1410019826, D.I. 14. Probation is concurrent.

[7] ID No. 1406013825, D.I. 36; ID No. 1410019826, D.I. 19.

[8] *Id.*

sentence. Under Rule 35(b), a motion for sentence modification "must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[9] Nevertheless, the Court will not consider repetitive requests for reduction or modification of sentence.[10]

4. First, this is Defendant's second request for modification of his sentences, and therefore, this Motion is barred as repetitive.[11]

5. Second, with respect to Defendant's request to suspend his Level V time, this request was filed well beyond the 90-day limit, and therefore, it is time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[12] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely

---

[9] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[10] Super. Ct. Crim. R. 35(b).

[11] ID No. 1406013825, D.I. 33, 36; ID No. 1410019826, D.I. 16, 19.

[12] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

basis."[13] Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[14] The Court does not find Defendant has established the existence of any extraordinary circumstances in his Motion. Furthermore, the DOC has not submitted an application pursuant to 11 *Del. C.* § 4217.

6.    Third, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence.[15] The first 7 years of Defendant's Level V sentences for Robbery First Degree and Burglary Second Degree are mandatory and cannot be reduced or suspended.[16]

7.    With respect to Defendant's request to modify the Level IV portion of his sentence in IN14-11-0181, this request is not time-barred, and therefore, the Court has considered it.[17] The Court finds Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.[18] No additional information has been

---

[13] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[14] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[15] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.").

[16] *See* 11 *Del. C*. §§ 832, 825 (2014).

[17] *See* Super. Ct. Crim. R. 35(b) ("The Court may . . . reduce the . . . the term or conditions of partial confinement or probation, at any time.").

[18] *See* ID No. 1406013825, D.I. 34; ID No. 1410019826, D.I. 17 (Modified ASOP Order signed and filed on January 8, 2016). The sentences at issue take into account the following aggravating factors: (1) Defendant's undue appreciation of offense; (2) Defendant's custody status at the time of the offense; (3) Defendant's severe escalation of criminal activity; (4) Defendant's prior abuse

provided to the Court that would warrant a modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification of Sentence is **DENIED.**


*Jan R. Jurden*

_____

Jan R. Jurden, President Judge


Original to Prothonotary:
cc:    Scott M. McFarland (SBI# 00500127)
       Annemarie H. Puit, DAG

_____

of the victims; and (5) Defendant traumatized his neighbors.