# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET. SUITE 10400
WILMINGTON. DELAWARE 19801
(302) 255-0660

July 10, 2020

Mr. Scott W. D'Azevedo
SBI# 653314
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19809

> RE: *State v. Scott W. D'Azevedo*
> ID No. 1604012255
> *Second Motion for Sentence Reduction*

Dear Mr. D'Azevedo:

The Court is in receipt of your most recent request to modify your sentence. (D.I. 23).

On the day you were scheduled for trial, February 28, 2017, you pleaded guilty to one count of Possession of a Firearm by a Person Prohibited (PFBPP) in exchange for dismissal of the other indicted charge and a favorable sentencing recommendation.[1] Thereafter, you were immediately sentenced to serve for that PFBPP conviction—which in your case was a class C violent felony—ten years at Level V suspended after five years for two years of supervised probation.[2] Because

---

[1] Plea Agreement, *State v. Scott D'Azevedo*, I.D. No. 1604012255 (Del. Super. Ct. Feb. 28, 2017) (D.I. 19) ("STATE AND DEFENDANT AGREE to recommend: 10 years at Level V suspended after the minimum mandatory 5 years for 2 years at Level III"); *see also*, DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) (2013).

[2] Sentence Order, *State v. Scott W. D'Azevedo*, I.D. No. 1604012255 (Del. Super. Ct. Feb. 28, 2017) (D.I. 20).

of your previous violent felony conviction, the five-year term of imprisonment for PFBPP is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[3]

Shortly after your sentencing, you docketed an application under Superior Court Criminal Rule 35(b) requesting reduction of your Level V term.[4] That motion was denied.[5]

Now you have filed another Rule 35(b) motion seeking sentence reduction.[6] You believe that "due to the Corona Virus, Delaware may be doing early releases which will be case by case."[7] And you suggest that your proposed sentence reduction is appropriate "given the current circumstances and the [DOC institutional] population decrease [] which [Delaware] may be trying to achieve."[8]

---

[3]   DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) (providing that any person convicted of PFBPP "shall receive a minimum sentence of: Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date"). As part of your plea, you admitted you had a 2013 Maryland conviction for the Delaware equivalent of second degree burglary. *See* Immediate Sentencing Form, *State v. Scott W. D'Acevedo*, I.D. No. 1604012255 (Del. Super. Ct. Feb. 28, 2017). That was a "violent felony" under Delaware law. DEL. CODE ANN. tit. 11, §§ 4201(c) and 4215A (2013).

[4]   D.I. 21.

[5]   D.I. 22.

[6]   Def.'s 2nd Rule 35 Mot., *State v. Scott D'Azevedo*, I.D. No. 1604012255 (Del. Super. Ct. Apr. 22, 2020) (D.I. 23) (acknowledging that you have not yet completed your five-year term of imprisonment but seeking "early release"—that is, "asking for Delaware to release or suspend the remainder of [your] sentence and release [you] to Maryland.").

[7]   *Id.*

[8]   *Id.*

But there has been no special "Corona Virus" early release rule, statute, or program enacted by the executive, legislative, of judicial branches of Delaware; the relief you seek is governed by this Court's Criminal Rule 35(b).[9] The Court may, therefore, consider your request "without presentation, hearing or argument."[10]

The Court will decide your motion on the papers filed and the complete record in your case. When considering such applications for sentence reduction, this Court first addresses any applicable procedural bars before turning to the merits.[11] You do not address those bars to consideration of your current Rule 35(b) motion. The Court must.

As mentioned before, you previously filed an unsuccessful application to reduce your sentence.[12] Our Supreme Court and this Court have consistently held that Rule 35(b) prohibits consideration of repetitive requests for sentence reduction.[13] There is no exception to the repetitive-motion bar.[14] And the Court

---

[9] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[10] Super. Ct. Crim. R. 35(b).

[11] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[12] *See* D.I. 21-22.

[13] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden*, 111 A.3d at 608–09.

[14] *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d 608–09.

cannot simply ignore the repetitive-motion bar to consideration of your current Rule 35(b) motion. So, on this basis alone, the Court must deny your Rule 35(b) motion.[15]

But even were the repetitive-motion bar inapplicable here, the Court still has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[16] And there is no special "Corona Virus" early release rule or program that overcomes that prohibition either.

Again, the five years imprisonment for your PFBPP conviction is the minimum term of incarceration that must be imposed and cannot be suspended or reduced.[17] Your requested reduction would violate that five-year minimum required by 11 *Del. C.* § 1448(e)(1)(b). And that the Court cannot do[18]—even in the midst of a pandemic.

**NOW, THEREFORE, IT IS ORDERED** that your motion for reduction of sentence must be **DENIED** because it is repetitive and seeks relief that is statutorily prohibited.

Paul R. Wallace, Judge

cc:  Prothonotary - Criminal

---

[15]  *Culp*, 152 A.3d at 145; *Redden*, 111 A.3d 608–09.

[16]  *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[17]  *See Kelly v. State*, 2019 WL 6048093, at *1 (Del. Nov. 14, 2019).

[18]  *Id.* at *2 ("To the extent Kelley seeks reduction of his PFBPP sentence under Rule 35(b), the Superior Court cannot reduce the mandatory portion of Kelley's sentence.).