# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID Nos. 1403020165 and** |
| | ) | **1411011364** |
| **ZECHARIAH D. PALMER,** | ) | |
| **Defendant.** | ) | |

Submitted: April 13, 2020
Decided: July 10, 2020

## <u>ORDER DENYING FOURTH MOTION TO REDUCE SENTENCE</u>

This 10th day of July, 2020, upon consideration of the Defendant's Motion for Sentence Reduction (D.I. 64*), and the record in this matter, it appears to the Court that:

(1)    In November 2014, a grand jury indicted Defendant Zechariah D. Palmer (and 45 codefendants) for criminal racketeering and conspiracy to commit criminal racketeering.[1]  In December 2014, a grand jury indicted Palmer (and one codefendant) for reckless endangering first degree (5 counts),

---

*    So as to avoid confusion, the docket entries referenced (unless otherwise identified) will be those in Case ID No. 1403020165.

[1]    Indictment, *State v. Zechariah D. Palmer, et al*, ID No. 1411011364 (Del. Super. Ct. Nov. 24, 2014) (D.I. 1).  Palmer was expressly named in only the first two counts of this 102-count indictment; the remaining counts charged his numerous codefendants with the multitude of drug offenses that formed the pattern of racketeering activity described in those first two counts.

possession of a firearm during the commission of a felony (PFDCF) (5 counts), and conspiracy second degree.[2]

(1) In February 2015, Mr. Palmer pleaded guilty to one count each of Reckless Endangering in the First Degree, PFDCF, and Conspiracy to Commit Racketeering. While the several offenses arose from two different indictments, Mr. Palmer entered into one dispositive plea agreement and they were heard in one proceeding. He did so in exchange for dismissal of the remaining charges from both indictments and the State's favorable sentencing recommendation (eight years).[3]

(2) Mr. Palmer was immediately sentenced to serve: PFDCF—six years at Level V; Conspiracy to Commit Racketeering—five years at Level V suspended after two years for diminishing levels of supervision; and Reckless Endangering First Degree—five years Level V suspended in its entirety for two years of intensive probation.[4] The first five years of Mr. Palmer's

---

[2] This was actually a superseding indictment for Palmer. *See* Re-Indictment, *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. Dec. 8, 2014) (D.I. 21). He had been first indicted for these charges in March 2014. (D.I. 1). And this re-indictment was simultaneously consolidated with yet a third earlier indictment charging certain drug offenses in Case ID No. 1404001708. (D.I. 21).

[3] *See* Plea Agreement and TIS Guilty Plea Form, *State v. Zechariah D. Palmer*, ID Nos. 1403020165 & 1411011364 (Del. Super. Ct. Feb. 25, 2015) (D.I. 37 and 52).

[4] Sentencing Order, *State v. Zechariah D. Palmer*, ID Nos. 1403020165 & 1411011364 (Del. Super. Ct. Feb. 25, 2015) (D.I. 46).

imprisonment were comprised of minimum terms of incarceration that must be imposed and cannot be suspended.[5] And his sentence's start or effective date was April 3, 2014.[6]

(3) Mr. Palmer filed no direct appeal from his convictions or sentence. Instead, applications filed under Superior Court Criminal Rule 35(b) requesting reduction of his prison term immediately ensued,[7] have persisted[8] and have been denied.[9]

(4) Shortly after sentencing, Mr. Palmer docketed his first Rule 35(b) motion[10] seeking a three-year reduction of his eight-year prison term.[11]

---

[5] DEL. CODE ANN. tit. 11, §§ 1447A(b) & (d) (2013) ("A person convicted [of PFDCF] shall receive a minimum sentence of 3 years at Level V . . . [and a]ny sentence imposed for a violation of this section shall not be subject to suspension . . ."); *id* at §§ 1503(d) & 1504(a) (2013); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[6] D.I. 46.

[7] D.I. 47.

[8] *E.g.* D.I. 58-59; D.I. 61.

[9] D.I. 60; D.I. 62.

[10] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL

In short, Mr. Palmer asked the Court to suspend all but the cumulative five years of minimum terms required by statute.[12] According to Mr. Palmer, his imprisonment should have been reduced then because he: (1) never previously had opportunities for treatment; (2) never had proper role models; (3) was remorseful for his acts; and (4) had hurt his parents greatly.[13] The Court considered that first Rule 35(b) motion on its merits before denying it.[14]

(5) Thereafter, Mr. Palmer filed two more Rule 35(b) applications seeking to have the Court cut years from his sentence.[15] Those applications

---

21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[12] Def.'s Rule 35(b) Mot., at 2-3. Palmer seemed to recognize that the two-year minimum term for conspiracy to commit racketeering could not be reduced under Rule 35(b); nor could the three-year minimum for PFDCF. *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[13] *Id* at 2.

[14] Order Denying 1ˢᵗ Mot. to Reduce Sent., *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. May 29, 2015) (D.I. 48).

[15] Def.'s 2ⁿᵈ Mot. to Reduce Sent., *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. June 14, 2018) (D.I. 58) (asking the Court to reduce his Level V term upon completion of certain Level V programs and modification of his Level IV term for certain programs, thus effectively reducing Mr. Palmer's sentence by three years or more); Def.'s 3ʳᵈ Mot. to Reduce Sent., *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. Mar. 14, 2019) (D.I. 61) (asking the Court to order certain prison terms to run consecutively, thus effectively reducing Mr. Palmer's sentence by three years).

-4-

were denied as repetitive attempts to shave off any non-mandatory prison time.[16]

(6) Mr. Palmer has now filed another Rule 35(b) motion to reduce his Level V sentence.[17] He again asks the Court to reduce his sentence—now, to the time he has served.[18] This time Mr. Palmer suggests the Court should do so by converting his remaining prison time to home confinement.[19]

(7) Mr. Palmer—like so many other Delaware inmates—argues the Court should revisit his sentence due to the COVID-19 pandemic and grant him a reduction.[20]

(8) The Court may consider such a motion "without presentation, hearing or argument."[21] The Court will decide his motion on the papers filed and the complete record in Mr. Palmer's case.

---

[16] Order Denying 2nd Mot. to Reduce Sent., *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. June 20, 2018) (D.I. 60); Order Denying 3rd Mot. to Reduce Sent., *State v. Zechariah D. Palmer*, ID No. 1403020165 (Del. Super. Ct. June 20, 2018) (D.I. 62).

[17] Def. 4th Rule 35(b) Mot. (D.I. 64). *See Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[18] Def. 4th Rule 35(b) Mot., at 1.

[19] *Id.* ("[P]lease grant my request by suspending the rest of my Level 5 time to be held at level 4 (home confinement).").

[20] *Id.* at 1.

[21] Super. Ct. Crim. R. 35(b).

(9) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[22]

(10) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[23] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[24] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[25]

(11) The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a

---

[22] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[23] *Redden*, 111 A.3d at 607 (internal citations omitted).

[24] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[25] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

particular thing or event."[26] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[27] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[28]

(12) Mr. Palmer filed this motion more than five years after he was sentenced. But his simple invocation of the COVID-19 pandemic, the omnipresent societal anxiety accompanying that health crisis, and the thoughts of certain advocacy groups as to how government officials and prisons should address it are simply inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[29]

---

[26] *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[27] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[28] *Id.*

[29] *See, e.g., State v. Colburn*, 2020 WL ___, ID No. 1411002179 (Del. Super. Ct. July 8, 2020) (mere incantation of COVID-19 and suggestions of prison overcrowding, unsafe

-7-

(13) But Mr. Palmer's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction.

(14) Also found in Rule 35(b) is a separate and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[30] As our Supreme Court and this Court have consistently held, Rule 35(b) strictly prohibits consideration of repetitive requests for sentence reduction.[31] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception, but the bar to repetitive motions has none.[32] No, this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[33] Mr. Palmer may

---

housing conditions, and lack of social distancing did not establish "extraordinary circumstances" under Rule 35(b)); (State *v. Roberts*, 2020 WL 3063957, at *2 (Del. Super. Ct. June 8, 2020) ("generalized suggestion" of inmate's "underlying (but unidentified) health conditions" and "his statement of anxiety" over COVID-19 do not establish "extraordinary circumstances" under Rule 35(b)); *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. Ct. June 3, 2020) (finding inmate's summary allegations of his medical conditions and vulnerability to COVID-19 do not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b)); *State v. Baker*, 2020 WL 2789703, at *1 (Del. Super. Ct. May 29, 2020) (inmate's mere suggestion of "his potential exposure to COVID-19 . . . has not set forth facts establishing 'extraordinary circumstances'").

[30] Super. Ct. Crim. R. 35(b) (emphasis added).

[31] *Culp*, 152 A.3d at 145 (Del. 2016); *Redden*, 111 A.3d at 608–09.

[32] *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d at 608–09.

[33] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking

have forgotten or ignored the repetitive-motion bar to consideration of his current Rule 35(b) motion. The Court cannot. And so, the Court must deny Mr. Palmer's Rule 35(b) motion on this basis alone.[34]

**NOW, THEREFORE, IT IS ORDERED** that Mr. Palmer's motion for reduction of sentence must be **DENIED**.

**SO ORDERED this 10th day of July, 2020.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc: Mr. Zechariah D. Palmer, *pro se*
Mark A. Denney, Deputy Attorney General
Investigative Services Office

---

sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

[34] *Culp,* 152 A.3d at 145; *Redden,* 111 A.3d at 608–09.