IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELIJAH M. THOMAS, | § | |
| | § | No. 212, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1809016162 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 25, 2021
Decided: October 7, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Elijah M. Thomas, filed this appeal from the Superior Court's denial of his motion for modification of sentence for an offense committed as a juvenile. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Thomas's opening brief that his appeal is without merit. We agree and affirm.

(2)     In December 2018, a grand jury indicted Thomas for multiple weapon offenses he committed on September 29, 2018. On April 9, 2019, Thomas pleaded guilty to possession of a firearm by a person prohibited ("PFBPP") in exchange for

dismissal of the other charges. In the plea agreement, Thomas agreed that he was subject to sentencing as an habitual offender under 11 *Del. C.* § 4214 and a fifteen-year minimum mandatory sentence. After granting the State's motion to declare Thomas an habitual offender under Section 4214(a) and (c), the Superior Court sentenced Thomas to twenty years of Level V incarceration, suspended after fifteen years.

(3) On May 3, 2021, Thomas filed a motion for sentence modification pursuant to Superior Court Criminal Rule 35A. The Superior Court denied the motion, ruling that it could not reduce the fifteen-year minimum mandatory sentence. This appeal followed.

(4) We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] On appeal, Thomas argues that the Superior Court did not comply with Rule 35A. He also argues that the Superior Court failed to consider his claims that sentence modification was warranted by the COVID-19 pandemic. Thomas does not raise the other arguments he made in the Superior Court and has therefore waived consideration of those claims.[3]

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] *Id.*
[3] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (holding failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim on appeal).

(5) As an initial matter, Thomas was not eligible for sentence modification under Rule 35A. Rule 35A establishes the procedures for sentence modification under 11 *Del. C.* § 4204A, "which provides a mechanism to reassess a lengthy sentence imposed for an offense committed as a juvenile."[4] Section 4204A(d)(1) and Rule 35A(b)(4) permit an offender sentenced to more than twenty years of incarceration for an offense committed before his eighteen birthday to petition for sentence modification after serving twenty years of the original Level V sentence.

(6) According to the Superior Court docket and record, Thomas was nineteen at the time he committed the crime of PFBPP. In addition, Thomas was not sentenced to more than twenty years of incarceration and has not served twenty years of incarceration for that crime. He thus did not qualify for sentence modification under Section 4204A and Rule 35A.

(7) As to Thomas's allegations concerning the risks of COVID-19 to inmates, the Superior Court correctly recognized that it could not reduce Thomas's fifteen-year minimum mandatory sentence.[5] The Superior Court did not err therefore in denying Thomas's motion for sentence modification.

---

[4] *Hunt v. State*, 2017 WL 2806903, at *1 (Del. June 28, 2017).
[5] *See, e.g., State v. Sturgis*, 947 A.2d 1087, 1092 (Del. May 6, 2008) (holding the Superior Court could not reduce the mandatory portion of a sentence under Rule 35(b)).

3

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice