**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) ID No. 2109011214
)
TYRONE GARDNER, )
Defendant. )

Submitted: June 20, 2023
Decided: July 12, 2023

**ORDER DENYING
MOTION TO REDUCE OR MODIFY SENTENCE**

This 12th day of July, 2023, upon consideration of the Defendant's Motion for Sentence Reduction or Modification (D.I. 27) and the record in this matter, it appears to the Court that:

(1)     In October 2021, a grand jury indicted Mr. Gardner for Possession or Control of a Firearm by a Person Prohibited—as a class C Felony ("PFBPP"), Possession or Control of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon (Firearm)—as a class D Felony ("CCDW-Firearm"), and Resisting Arrest.[1]

(2)     On March 22, 2023, he pleaded guilty to the CCDW-Firearm and resisting arrest counts.  He did so in exchange for dismissal of the other indicted

---

[1]   Indictment, *State v. Tyrone Gardner*, ID No. 2109011214 (Del. Super. Ct. Oct. 25, 2021) (D.I. 4).

- 1 -

charges and the State's capped sentencing recommendation.[2]

(3)     The parties had agreed that Mr. Gardner was subject to sentencing as a habitual criminal offender under 11 *Del. C.* § 4214(c) for the CCDW-Firearm count.[3] In turn, the Court granted the State's unopposed habitual criminal motion and applied § 4214(c) to the felony concealed-firearm charge.[4]   So, for that count, Mr. Gardner was sentenced to the minimum unsuspended term the parties had agreed-upon and that was allowed by law:   for CCDW-Firearm—ten years at Level V suspended after eight years at Level V (to be served under the provisions of 11 *Del. C.* § 4214(c)) for two years of supervised probation.[5]

(4)     Mr. Gardner filed no direct appeal from his convictions or sentence.

(5)     Instead—just shy of three months after his sentencing—Mr. Gardner (with the assistance of his plea counsel) filed the instant application "ask[ing] that consideration of the motion be deferred until such later time we [sic] may provide

---

[2]   Plea Agreement at 1, *State v. Tyrone Gardner*, ID No. 2109011214 (Del. Super. Ct. Mar. 22, 2023) (D.I. 22).

[3]   *Id.*

[4]   D.I. 21 and D.I. 23.

[5]   Sentence Order, *State v. Tyrone Gardner*, ID No. 2109011214 (Del. Super. Ct. Mar. 30, 2023) (D.I. 26).  *See* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (providing that a habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony).  CCDW-Firearm is a class D violent felony with a statutory maximum of eight years imprisonment.  DEL. CODE ANN. tit. 11, §§ 1442, 4201(c), 4205(b)(4) (2021).

documentation justifying the reconsideration" of his sentence.[6]  Put another way, Mr. Gardner is asking that the Court deem his reduction motion timely, hold it in abeyance, and consider reducing his term of imprisonment at some unspecified future date.[7]

(6)　"When addressing a sentence modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."[8] While he cites no rules-based, statutory, or caselaw authority in his meager pleading, the relief Mr. Gardner anticipates—cutting time from his imprisonment—is no doubt governed by this Court's Criminal Rule 35(b).[9]

(7)　The Court may consider a Rule 35(b) motion "without presentation, hearing or argument."[10]  Here, the Court will decide this motion on the papers filed and the complete record in Mr. Gardner's case.  For multiple reasons, Mr. Gardner's entreaty must be denied.

---

[6]　Def.'s Mot. ¶ 1 (D.I. 27).

[7]　*Id.*

[8]　*State v. Tollis*, 126 A.3d 1117, 1119 (Del. Super. Ct. 2016).

[9]　Super. Ct. Crim. R. 35(b) (providing that, if certain requirements are met, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[10]　Super. Ct. Crim. R. 35(b).

(8) It's clear Mr. Gardner docketed this filing in an attempt to beat Rule 35(b)'s 90-day filing deadline and avoid having to carry the weighty "extraordinary circumstances" burden imposed thereafter.[11] But "the Court *cannot* treat the filing of a timely Rule 35(b) motion as a 'placeholder' or 'bookmark' inciting the Court to retain and exercise jurisdiction over the life of an inmate's sentence in contemplation of future events which may or may not occur."[12] In short, the precise request made is prohibited under this Court's criminal rules.

(9) But there's more here. Recall that as consideration for his plea and admission of habitual criminality, the State: (i) dismissed two other indicted felony

---

[11] "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e., within 90 days of the sentence's imposition—otherwise, the Court loses jurisdiction to act thereon." *State v. Redden*, 111 A.3d 602, 607 (Del. Super. Ct. 2015) (citation and quotation marks omitted). An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances." *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown." (emphases added)). A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences. *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[12] *State v. Sammons*, 2022 WL 58325, at *1 (Del. Super. Ct. Jan. 6, 2022) (emphasis in original) (citations omitted); *Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) ("As the Superior Court recognized, Jones could not avoid the ninety-day time period in Rule 35(b) by filing a placeholder motion within the ninety-day period and then filing a motion with the substantive grounds for relief after the ninety-day period had expired."); *Tollis*, 126 A.3d at 1121-24 (holding that placeholder applications are not permitted under Rule 35(b) or any other potential source of this Court's sentence reduction or modification authority).

charges;[13] and (ii) capped its sentencing recommendation to the eight-year minimum.[14] For his part, Mr. Gardner expressly agreed that he was subject to habitual criminal sentencing as just mentioned and with the eight-year sentence.[15] Given all that, the Court imposed just what the parties agreed to.

(10) The Court has recently noted its disquiet with sentence-reduction applications made in circumstances like this:

> What [the Rule 35(b) movant] now does is something suggested by far too many who resolve their serious criminal cases by plea—invite the Court to assist in an inmate's violation of his plea agreement. When the parties arrive at an agreed-upon number either's request of a sentence other than that expressly bargained for in the plea agreement is, at bottom, a breach of that agreement. It matters not whether that breaching request is made during the sentencing hearing, immediately thereafter, or anytime later. And the Court should play no role in such chicanery merely because the memory and immediacy of a potential trial with all its burdens and trappings have faded.[16]

---

[13] Dismissal of the PFBPP alone was hardly inconsequential. As noted above, in Mr. Gardner's case the PFBPP is a class C violent felony for which he faced a minimum term of ten years. *See* DEL. CODE ANN. tit. 11, §§ 1448(c), (e)(1), 4201(c) (2021) (PFBPP when one has a prior violent felony conviction is a class C violent felony); *id.* § 1448(e)(1)(c) (providing that any person convicted of PFBPP "shall receive a minimum sentence of: (c) Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony." (cleaned up)). What's more, if the State sought habitual criminal sentencing on that PFBPP count, Mr. Gardner's minimum term rose to 15 years with the possibility of a life sentence. *Id.* § 4214(c) (under this habitual criminal sentencing provision, one must receive the statutory maximum for the triggering Title 11 violent felony); *id.* §§ 1448(c), (e)(1), 4205(b)(3) (maximum sentence for PFBPP as a class C felony is 15 years at Level V).

[14] Plea Agreement at 1.

[15] *See id.*

[16] *State v. Felton*, 2022 WL 189327, at *2 (Del. Super. Ct. Jan. 20, 2022) (internal citations omitted); *see also State v. Daniels*, 2022 WL 2733509, at *4 (Del. Super. Ct. July 13, 2022), *aff'd*, 2023 WL 176964 (Del. Jan. 12, 2023).

Put simply, the Court will not allow the use of its Rule 35(b) to work the mischief requested by Mr. Gardner and his counsel here.

(11) There's one last thing. No matter the grounds Mr. Gardner envisions he might raise in the future, the Court has no authority under Rule 35(b) to reduce or suspend the mandatory portion—which is the only incarcerative portion—of his substantive statutory minimum sentence.[17] Again, the eight years of imprisonment for Mr. Gardener's § 4214-enhanced CCDW conviction represents *the* shortest term of incarceration that must be imposed[18] and cannot be suspended or reduced.[19] So any Level V reduction Mr. Gardner might request would violate the minimum term required. And that, the Court cannot do.[20]

---

[17] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence." (emphasis in original) (citations omitted)).

[18] *See supra* note 5.

[19] *See* DEL. CODE ANN. tit. 11, § 4214(e) (2021) ("Notwithstanding any provision of this title to the contrary, any minimum sentence required to be imposed pursuant to subsection (b), (c), or (d) of this section shall not be subject to suspension by the court, and shall be served in its entirety at full custodial Level V institutional setting . . . .").

[20] *See State v. Lindsey*, 2020 WL 4038015, at *3 (Del. Super. Ct. July 17, 2020) (finding the minimum sentence required by the Habitual Criminal Act could not be reduced via a Rule 35(b) motion); *State v. Johns*, 2018 WL 2753796, at *2 (Del. Super. Ct. Jun. 7, 2018).

(12) **NOW, THEREFORE, IT IS ORDERED** that Mr. Gardner's motion is **DENIED** because it seeks relief that: would implicate the Court in a violation of his plea agreement; is statutorily prohibited; and, is incognizable under Rule 35(b).[21]

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Joseph W. Benson, Esquire
       Jillian L. Schroeder, Deputy Attorney General
       Investigative Services Office

---

[21] *State v. Wenzke*, 2023 WL 3676894, at \*4 (Del. Super. Ct. May 25, 2023) (explaining that an inmate cannot invoke Rule 35(b) to "'ask[] the Court to monitor his sentence and release him upon some future potential happening'—or put another way, 'to engage in a form of judicial parole'" (quoting *Tollis*, 126 A.3d at 1123)).